GRIFFIN, Judge,
concurring specially.
I agree with the majority that if, as Zaleski alleges in his affidavit, he delivered the checks in question to Go Bungie’s counsel with specific instructions not to release any check prior to Zaleski reviewing and approving the agreements for purchase of the stock, a viable defense would be made out to the section 68.065 claim. The weird thing about this case, however, is that Zaleski apparently has taken the position in discovery that he ■will not answer any questions about his communications with Go Bungie’s counsel on the basis of attorney-client privilege. He even succeeded in getting an order from a trial judge (not the one presently assigned the case) that indeed the privilege applied, preventing Woessner and Dillard from taking the attorney’s deposition to establish what Zaleski told him about the checks. This is so peculiar that I must be missing something.
Nevertheless, if this is the status of discovery, Zaleski cannot avoid summary judgment by filing an affidavit relying on his communications with Go Bungie’s counsel. At the threshold, however, Woessner and Dillard had the burden to establish by affidavit that there was no issue of fact concerning Zale-ski’s pleaded defenses, including conditional delivery. Instead, they ignored these issues entirely. The affidavits don’t even specify how they came to be in possession of the cheeks. Given our ruling on the issue of law, this case isn’t quite in shape for summary judgment.